UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CLINT A. DAVIS,   Case No. 1:10-cv-599

    Plaintiff,   Beckwith, J.
                                                   Bowman, M.J.
    v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Clint A. Davis filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents one error, which the Defendant disputes. As explained below, I conclude that the finding of non-disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

Plaintiff filed an application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on January 29, 2007[1], alleging disability since August 23, 2005, the date that Plaintiff was assaulted by a known assailant who struck him numerous times in the head with a baseball bat causing a closed head injury with resulting left frontal and subarachnoid hemorrhages and contusion. (Tr. at 120, 125, 265, 311-312). Plaintiff complains of numbness in his

---

[1] Plaintiff previously filed for benefits on October 26, 2005 which were denied at the initial level and not appealed.

1

hands, vision and memory problems, as well as anxiety and panic attacks as a result of his assault.  (Tr. 33-35, 165).

After Plaintiff's applications were denied initially and upon reconsideration, he requested a hearing before an Administrative Law Judge ("ALJ").  (Tr. 102).  Following an evidentiary hearing on September 8, 2009 at which Plaintiff was represented by counsel (see Tr. 21-65), ALJ Larry Temin issued a written opinion dated October 20, 2009 in which he determined that Plaintiff was not disabled.  (Tr. 10).  In relevant part, ALJ Temin reasoned that : (1) Plaintiff's impairments did not meet or equal the requirements for any Listed impairment in 20 CFR Part 404, Subpart P, Appendix 1; (2) Plaintiff retained the residual functional capacity ("RFC") to perform medium work; and (3) significant numbers of jobs existed which Plaintiff could perform (Tr. at 15-16, 19). On July 9, 2010, the Appeals Council declined jurisdiction, leaving the ALJ's decision in place as the final decision of the Commissioner. (Tr. 1-5).   Plaintiff filed the instant complaint on September 8, 2010 in order to challenge the decision by the ALJ.

Plaintiff was hospitalized on August 23, 2005 after being assaulted and struck in the head with a baseball bat.  Plaintiff suffered a closed head injury with resulting left frontal and subarachnoid hemorrhages and contusion.   (Tr. 265, 311-312).   After Plaintiff was discharged from the hospital his followup treatment was limited, if not nonexistent.  Plaintiff complains of numbness in his hands, vision and memory problems, as well as anxiety and panic attacks as a result of his assault.  (Tr. 33-35, 165).

The ALJ's "Findings," which represent the rationale of his decision, were as follows:

2

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2007.

2. The claimant has not engaged in substantial gainful activity since August 23, 2005, the alleged onset date (20 CFR, 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: status-post an August 23, 2005, head injury, lumbosacral strain, sprain, scoliosis and degenerative changes, thoracic scoliosis, an affective disorder, and a panic disorder (20 CFR, 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). Specifically, the claimant can perform the requirements of work activity except as follows: He can lift/carry up to 50 pounds occasionally and 25 pounds frequently. He can stand and/or walk for six hours in an eight-hour workday. He can frequently stoop, kneel, and crouch. He can only occasionally crawl and climb ramps and stairs. He is unable to climb ladders, ropes, and scaffolds. He is unable to work at unprotected heights or around hazardous machinery. Any job he could perform should not require sustained reading (i.e., not over 5-10 minutes per hour). He can remember and carry out only short and simple instructions. He can interact with coworkers and supervisors only on an occasional basis, and is unable to interact with the general public. He cannot work at a rapid production-rate pace. He can make only simple work-related decisions. Any job he could perform should not require more than ordinary and routine changes in the work setting or duties.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on December 5, 1965, and was 39 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. Giving the claimant the benefit of the doubt regarding his highest level of education, the undersigned finds that he has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 404.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 23, 2005, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 10-20).

Plaintiff asserts that the ALJ committed an error that requires reversal and an award of benefits or, in the alternative, a remand. Specifically, Plaintiff asserts that ALJ "Temin erred in rejecting the reasoned opinion and limitations of psychologist Dr. David Schwartz when his opinion was supported by the consulting psychologist, Dr. Fritsch, and other doctors who treated claimant." (Doc. 10). Plaintiff has not raised as error the findings of the ALJ as to Plaintiff's physical limitations but only those relative to his mental impairments. Because this Court concludes that the ALJ's decision is supported by substantial evidence, the ALJ's decision should be AFFIRMED.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for DIB or SSI benefits, a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is

available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can

5

still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues that the referenced error led the ALJ to reach a faulty conclusion at the third step of the sequential analysis, in determining that Plaintiff did not meet or equal a Listed Impairment. However, because the ALJ adequately explained his basis for rejecting portions of Dr. Schwartz's opinion and because the decision is supported by substantial evidence, the decision fo the ALJ should be affirmed.

**B. Dr. Schwartz**

In determining the weight to give to *any* medical source opinion, an ALJ must also consider: 1) the examining relationship between the medical source and claimant; 2) the treatment relationship, including the length of treatment, frequency of examination, and nature and extent of relationship; 3) support by medical evidence; 4) consistency of the opinion with the record as a whole; 5) the source's area of

specialization; and 6) any other factors which support or contradict the opinion.[2] 20 C.F.R. § 404.1527(d)(2). Plaintiff was referred to Dr. Schwartz by his attorney in 2009 for an independent evaluation. The Administration had previously sent Plaintiff to Dr. Fritsch, who first evaluated Plaintiff in 2005 then again in 2007.

ALJ Temin says the following as to their opinions:

> Some weight is given to the opinions of Stephen Fritsch, Psy.D. (Exhibit 3F, page 4; Exhibit 9F, pages 3-4). He assessed the claimant's mental ability to perform work-related activities at the end of his consultative examination reports. He found mild to moderate mental limitations, which is a finding reasonable consistent with the objective medical evidence in file.

\*\*\*

> Little weight is also given to the opinion of David Schwartz, Ph.D. (Exhibit 22F). He evaluated the claimant at the request of claimant's attorney. He found significant mental limitations. However, limitations of this magnitude are markedly inconsistent with the psychological consultative examinations in file, the lack of treatment for the claimant's alleged mental impairments, and the record as a whole.

(Tr. 18). Plaintiff argues that ALJ Temin erred in rejecting the opinion of Dr. Schwartz when his opinion was supported by Dr. Fritsch and Dr. Ringel.[3]

Plaintiff testified at the hearing that he lives with his mother (Tr. 26), drives to the doctor, his attorneys' office and the store (Tr. 42-43), he does all the grocery shopping (Tr. 45), he helps his mother care of a young child (Tr. 44), works on a jigsaw puzzle (Id.), does alot of gardening and cooking, as well as household chores, likes doing the

---

[2] There is not an opinion from a treating physician at issue in this case as Plaintiff did not seek mental health treatment.

[3] Dr. Ringel found Plaintiff to be unemployable, however, Dr. Ringel is a general practitioner and not a mental health specialist. There was no medical evidence listed to support his opinion. (Tr. 368-369, 390-391). The ALJ was correct to give his opinion little weight.

dishes, mopping the floors, and taking out the garbage (Tr. 45-46). Dr. Schwartz evaluated Plaintiff and found that he was unable to function in a work environment, can not organize simple tasks and has zero coping ability to stress. (Tr. 508).

In arguing that Dr. Fritsch's opinion supports that of Dr. Schwartz, Plaintiff takes issue with the ALJ's finding that Dr. Fritsch found "mild to moderate mental limitations" arguing that Dr. Fritsch actually found "moderate to marked impairment." However, this finding of "moderate to marked impairment" was limited only to Plaintiff's ability to deal with work pressures. (Tr. 372-375). The only other impairment that even warranted mention by Dr. Fritsch was where he opined a "moderate impairment" regarding changes in work routine and managing stress. It is reasonable to conclude that all other areas, therefore, must have no impairment or only a mild impairment. In addition, Dr. Fritsch found a GAF of 53 which indicates the more mild end of the moderate spectrum.[4] (Tr. 375). Thus, there is substantial evidence to support the description of Dr. Fritsch's opinion by the ALJ as being one of mild to moderation limitations. Even if the Court found the ALJ's description of Dr. Fritsch's opinion to be in error, it is a harmless one, as demonstrated below, Dr. Fritsch's opinion, when viewing the record as a whole, does not support that of Dr. Schwartz.

Dr. Schwartz found Plaintiff to be unable to organize simple tasks, unable to function in a work environment, and unable to cope with stress. However, Dr. Fritsch opined that Plaintiff could understand and remember short, simple instructions and carry them out. (Tr. 374-375) Dr. Fritsch also found that Plaintiff is able to understand and

---

[4] A GAF rating of 51-60 indicates "moderate" symptoms or moderate difficulty in social and occupational functioning. American Psychiatric Ass'n., *Diagnostic & Statistical Manual of Mental Disorders,* 32-34 (4th ed. Text Revision 2000)(DSM-IV-TR).

8

remember detailed instructions and should have no difficulty carrying out such instructions. Finally, Dr. Fitsch opined that Plaintiff "should have no problems appropriately interacting with supervisors, coworkers or the general public." (Id.). In addition, Dr. Fritsch observed that Plaintiff was appropriately groomed, speech was clear, articulate and fully intelligible, and he gave no indication of anxiety while being evaluated. (Tr. 373-374). Contrary to Plaintiff's assertions, this opinion does not support the opinion of Dr. Schwartz.

ALJ Temin gave the most weight to state agency psychologist Kevin Edwards, Ph.D. who reviewed the records in May, 2007. There is no question that an ALJ may use and rely upon the testimony of a non-examining medical expert in appropriate cases. *See Buxton v. Halter*, 246 F.3d 762, 775 (6th Cir. 2001). Dr. Edwards' opinion was consistent with that of Dr. Fritsch's 2007 opinion except that Dr. Edwards disagreed with Dr. Fritsch's assessment that Plaintiff has a moderate to marked impairment to work place pressure stating that "a marked impairment is not supported, given no [history] of psych[ologiocal] decompensation, no decompensation completing CE tasks, and he drives independently." (Tr. 409). Dr. Edwards opined that even though Plaintiff had a moderate impairment to work place pressure/stress that Plaintiff could adapt to routine tasks. Both Dr. Edwards and Dr. Fritsch opined that Plaintiff could perform simple tasks, understand and remember detailed instructions, and interact appropriately with others. Both also agreed that Plaintiff had a moderate impairment in his ability to respond appropriately to changes in a work setting or routine. (Tr. 407-409, 375). In addition, Dr. Edwards found Plaintiff to be moderately limited in the following areas: ability to maintain concentration, persistence or pace; ability to perform activities within a schedule; ability to maintain attendance and be punctual; and ability to complete a

9

workday or workweek without interruptions. (Tr. 403, 407-408). Catherine Flynn, Psy.D., another State Agency psychologist, affirmed Dr. Edwards findings. (Tr. 392).

Consistent with the record, the ALJ found Plaintiff to be more impaired than Dr. Edwards found but certainly less than Dr. Schwartz found. It is the duty of the ALJ to resolve any conflict among the evidence and weigh the medical source opinions. *See Mullins v. Secy. Of Health and Human Servs.,* 836 F.2d 980, 984 (6th Cir. 1987). Thus, the weight given by ALJ Temin to the consulting opinions is support by substantial evidence.

### C. Secondary Arguments

Plaintiff also mentions that the ALJ did not give the proper consideration to the fact that Plaintiff did not receive treatment because he did not have medical insurance. The flaw with this argument is twofold. First, as the ALJ correctly pointed out, there is no evidence in the record to suggest that Plaintiff attempted to obtain no or low cost treatment. Second, and more convincing, is that Plaintiff failed to seek any mental health treatment even after he obtain a medical card, which was a year and one-half before the hearing. (Tr. 27, 39-40).

Plaintiff next mentions that the ALJ gave no consideration to the fact that Plaintiff suffered a closed head injury and had Affective Disorder and Panic Disorder as a result of the attack. ALJ Temin found Plaintiff could only perform work that did not require sustained reading, that he was only able to remember and carry out short and simple instructions, could interact with coworkers and supervisors only on an occasional basis, and unable to interact with the general public. ALJ Temin also found that Plaintiff could not work at a rapid production-rate pace, could only make simple work-related decisions, and could only perform a job that does not require more than ordinary and

routine changes in the work setting or duties. (Tr. 16). There is substantial evidence in the record to conclude that ALJ Temin did consider all of Plaintiff's impairments, including his closed head injury and that he suffered from Affective Disorder and Panic Disorder.

### III. Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED THAT:**

1. The decision of the Commissioner to deny Plaintiff DBI and SSI benefits be **AFFIRMED**;

2. As no further matters remain pending for the Court's review, this case be **CLOSED.**

                                                 */s Stephanie K. Bowman*
                                                 Stephanie K. Bowman
                                                 United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CLINT A. DAVIS,                                   Case No. 1:10-cv-599

      Plaintiff,                              Beckwith, J.
                                                  Bowman, M.J.
  v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

12